United States District Court
Northern District of California

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

MARTIN MALBERG,

Case No.   5:22-cv-03613-EJD

8

Plaintiff,

**ORDER GRANTING MOTIONS TO DISMISS**

9

v.

Re: ECF Nos. 12, 14, 18, 23, 26, 31

10

JOANNE MCCRACKEN, et al.,

11

Defendants.

12

13

MARTIN MALBERG,

Case No.   5:22-cv-03928-EJD

Plaintiff,

14

Re: ECF Nos. 10, 11, 21, 26

v.

15

JOANNE MCCRACKEN, et al.,

16

Defendants.

17

18          Pro se Plaintiff Martin Malberg has brought the above-named actions alleging

19  constitutional violations against Defendants Judge Joanne McCracken, Judge Christine Garcia-Sen

20  (with Judge McCracken, the "Judicial Defendants"), the California Attorney General Rob Bonta,

21  and the State of California (with Attorney General Bonta, the "State Defendants").  Plaintiff's

22  grievances arise from a restraining order issued against him by his ex-wife pursuant to the

23  California Domestic Violence Prevention Act ("DVPA").  The case numbered 5:22-cv-3613

24  ("3613 Case") asserts violation of Plaintiff's Fifth Amendment Due Process right to be provided

25  with a charging document, and the case numbered 5:22-cv-3928 ("3928 Case") implicates

26  Plaintiff's Second Amendment rights.  Both actions otherwise involve the same Defendants and

27  allege the same substantive facts.

28

Case Nos.: C-22-03613, C-22-03928 EJD          1
ORDER GRANTING MOTIONS TO DISMISS

1    The Judicial Defendants and the State Defendants have each filed separate motions to

2   dismiss in both cases.  *See* 3613 ECF Nos. 12 ("3613 State Mot."), 14 ("3613 Judge Mot."); 3928

3   ECF Nos. 10 ("3928 Judge Mot."), 11 ("3928 State Mot.").[1]  Plaintiff filed identical oppositions

4   to both motions to dismiss in both cases, entitled "Response in Oppostion [*sic*] to All Motions to

5   Dismiss; Declaration."  3613 ECF No. 24; 3927 ECF No. 19.

6   **I.      FACTUAL BACKGROUND AND RELATED CASE**

7        The 3613 and 3928 Cases are two cases in a salvo of lawsuits Plaintiff filed against nearly

8   all individuals—including the judges and opposing counsel—involved in the state court

9   proceedings that resulted in a domestic restraining order entered against him.

10       On January 11, 2021, Plaintiff's wife filed a petition for dissolution and a request for a

11  domestic violence restraining order against Plaintiff in the Superior Court of California, County of

12  Santa Clara (the "State Proceeding").  Judge McCracken granted the temporary restraining order

13  *ex parte* subject to a subsequent hearing, and Judge Garcia-Sen subsequently issued the full

14  restraining order against Plaintiff ("Restraining Order").  On March 11, 2022, the Superior Court

15  entered a final judgment of dissolution.

16       On March 14, 2022, Plaintiff mailed a letter to Attorney General Rob Bonta, requesting

17  that the Attorney General "take appropriate legal action to enforce compliance with the U.S.

18  Constitution or remove judges who refuse to uphold it in violation of their Oaths of Office."  The

19  Attorney General's office responded that his office is prohibited from representing private

20  individuals or providing legal advice or analysis.

21       On June 21 and July 5, 2022, Plaintiff filed the 3613 Complaint and 3928 Complaint,

22  respectively, naming as defendants the two Superior Court judges that presided over the State

23  Proceedings, Attorney General Bonta, and the State of California.  Plaintiff seeks several types of

24  injunctive relief, including an "emergency injunction" of the State Proceedings, the Restraining

25  Order, vacatur of all judgments and rulings in the State Proceedings, and a "strike down" of the

26

27  ─────────────

28  [1] The Court will use "3613 ECF No." to refer to docket entries in the 3613 Case and "3928 ECF No." to refer to the same in the 3928 Case.

1    allegedly unconstitutional California Domestic Violence Prevention Act ("DVPA"), at Cal.

2    Family Code §§ 6200, *et seq*.  Plaintiff seeks damages in "606 oz delivered silver bullion" and

3    "55.5 ounces total of U.S. Gold Eagles" in his 3613 and 3928 Complaints, respectively.  *Id.*

4    Plaintiff also demands prison time and criminal referrals for all individual Defendants.  *Id.*

5              On March 15, 2023, the Court related the instant 3613 and 3928 Cases above with Case

6    No. 22-cv-1713 ("1713 Case"), which is the lowest numbered case Plaintiff filed.  Plaintiff's

7    complaint in the 1713 Case invokes his rights under the First Amendment, but otherwise names

8    the exact same Defendants and alleges nearly identical facts to the 3613 and 3928 Cases.

9    **II.      DISCUSSION**

10             The State Defendants and Judicial Defendants moves for dismissal in the 3613 and 3928

11   Cases on the same grounds as in the earlier filed 1713 Case, with the additional threshold

12   argument that the 3613 and 3928 Cases should be dismissed as duplicative of the 1713 Case.  *See*

13   3613 ECF Nos. 10, at 5; 12, at 7 n.2; 3928 ECF No. 11, at 6 n.2; 14, at 5.

14             **A.      Claim Splitting**

15             It is a well-established premise of our justice system that a plaintiff is "not at liberty to split

16   up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which

17   special relief is sought, and leave the rest to be presented in a second suit, if the first fail.  There

18   would be no end to litigation if such a practice were permissible." *United States v. Haytian*

19   *Republic*, 154 U.S. 118, 125 (1894)).  This means that plaintiffs "generally have no right to

20   maintain two separate actions involving the same subject matter at the same time in the same court

21   and against the same defendant." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886

22   (9th Cir. 2022) (internal quotation marks omitted) (quoting *Adams v. Cal. Dep't of Health Servs.*,

23   487 F.3d 684, 688 (9th Cir. 2007) (citations omitted), *abrogated on other grounds by Taylor v.*

24   *Sturgell*, 553 U.S. 880 (2008)).  District courts have "broad discretion to control their dockets

25   [and] may exercise [their] discretion to dismiss a duplicative later-filed action, to stay that action

26   pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or

27   to consolidate both actions." *Adams*, 487 F.3d at 688.

28

United States District Court
Northern District of California

Case Nos.: C-22-03613, C-22-03928 EJD                    3
ORDER GRANTING MOTIONS TO DISMISS

1    To determine whether a suit is duplicative, the Ninth Circuit "use[s] the transaction test,

2    developed in the context of claim preclusion." *Id.* at 689.  "Whether two events are part of the

3    same transaction or series depends on whether they are related to the same set of facts and whether

4    they could conveniently be tried together." *Id.*  The Ninth Circuit has identified four criteria for

5    courts to consider in evaluating whether two actions are duplicative, as follows:

6    (1) whether rights or interests established in the prior judgment would be destroyed or
        impaired by prosecution of the second action;

7

8    (2) whether substantially the same evidence is presented in the two actions;

9    (3) whether the two suits involve infringement of the same right; and

10   (4) whether the two suits arise out of the same transactional nucleus of facts.

11   *Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th

12   Cir. 1982)).  The "most important factor is whether the two suits arise out of the same

13   transactional nucleus of facts." *Mendoza*, 30 F.4th at 887 (internal quotation marks omitted).

14   **B.      Analysis**

15   Here, the Court finds that the 3613 and 3928 Cases are duplicative of the related 1713

16   Case.  Turning first to the fourth and most important factor, the Court notes that all three suits

17   arise from the same factual nucleuses, namely the Judicial Defendants' imposition of a DVPA

18   restraining order and the State Defendants' response to Plaintiff.  This is evidenced by the near

19   identical factual allegations set forth against the same four Defendants in all three complaints, as

20   well as Plaintiff's self-styled identical oppositions to "to *All* Motions to Dismiss," all filed on

21   October 27, 2022.  3613 ECF No. 24; 3927 ECF No. 19 (emphasis added); *see also* 1713 ECF No.

22   47.  Plaintiff's identical oppositions also establish the second *Adams* factor as to whether the

23   "same evidence is presented in the two actions," 487 F.3d at 689; indeed, it is.  Likewise, because

24   of this substantial overlap, it is also readily apparent that the first *Adams* factor is satisfied.

25   Permitting continued litigation of near-identical suits would impair the rights and finality

26   established by the 1713 Case, especially given that the Court had dismissed the complaint in the

27   1713 Case on grounds that would apply with equal force to both the 3613 and 3928 Cases.

28

United States District Court
Northern District of California

1    Finally, the Court recognizes that the 3613 and 3928 Cases invoke different constitutional

2    rights from the 1713 Case—the 1713 Case alleges the DVPA Restraining Order violated

3    Plaintiff's First Amendment rights, whereas the 3613 and 3928 Cases claim the same Restraining

4    Order also violated his Fifth and Second Amendment rights, respectively.  However, this

5    distinction alone does not permit Plaintiff to "maintain two separate actions involving the same

6    subject matter at the same time in the same court and against the same defendant."  *Mendoza*, 30

7    F.4th at 886.  To do so otherwise would run afoul of the Ninth Circuit's guidance that the "most

8    important factor is whether the two suits arise out of the same transactional nucleus of facts," *id.* at

9    887 (internal quotation marks omitted), which the Court finds in the affirmative here.  Indeed, the

10   Ninth Circuit in *Mendoza* had found two cases to be duplicative despite more substantial

11   distinctions, holding that the "fact that [the later filed case] involves somewhat *different legal*

12   *theories* and a somewhat *broader range of related conduct and damages* does not alter the

13   underlying fundamental identity of the suits."  *Id.* at 887 (emphasis added); *see also Wathan v.*

14   *Pazin*, 2007 WL 4181716, at *7 (E.D. Cal. Nov. 21, 2007) ("The issue is not settled . . . by the

15   cosmetics of how the claims for relief are framed.").  In short, Plaintiff's tactical decision to split

16   up his claims based upon the underlying rights alleged does not permit him to maintain three

17   different actions for the same grievance in federal court.

18   Plaintiff has advanced a series of arguments and theories, none of which address the

19   Defendants' threshold argument of duplicative actions.  In addition to the uniform opposition that

20   he had filed in response to all motions to dismiss, Plaintiff has also filed several "logic briefs"

21   claiming that the State of California "had its sovereignty usurped by the STATE OF

22   CALIFORNIA CORPORATION," which created a "CORPORATE LAW jurisdiction that is

23   currently known as the Uniform Commercial Code (UCC)."  3613 ECF No. 27; 3928 ECF No. 22.

24   He has also filed multiple "logic briefs" decrying the general doctrine of judicial immunity, based

25   solely upon the U.S. Constitution and the Declaration of Independence and which do not engage

26   with the judicial immunity analysis at all.  3613 ECF No. 32; 3928 ECF No. 27.  The identical

27   nature of these filings in all his cases further supports the finding that Plaintiff's actions are

28

United States District Court
Northern District of California

1   duplicative and may not be maintained as individual separate actions.

2   In addition to his various "logic briefs," Plaintiff has also filed a document in both the

3   3613 and 3928 Cases entitled, "Petition for a Redress of Grievances; Claim for Relief;

4   Declaration, Petition for Injunction, Motion for Summary Judgment in Favor of Plaintiff." 3613

5   ECF No. 23; 3928 ECF No. 18. This filing, however, is not accompanied by any brief supporting

6   the relief requested or addressing the deficiencies identified by Defendants' motions to dismiss.

7   Rather, Plaintiff only attaches (1) the Bill of Rights, (2) an affidavit wherein he states that he is

8   "presently alive" and "terminate[s] any and all contracts unknowingly entered into using any form

9   of [his] name," (3) another affidavit re-stating the facts in the State Proceeding and enumerating

10  the Amendments he is invoking, and (4) a copy of the Restraining Order entered against him. *Id.*

11  Having reviewed these filings, the Court cannot identify any contention or evidence that pertains

12  to—much less rebuts—the "claim splitting" duplication argument advanced by Defendants.

13  In summary, the Court finds that the 3613 and 3928 Cases are duplicative of the earlier

14  filed related 1713 Case. Although these cases involve different constitutional rights, all three

15  cases arise out of the same restraining order and interaction with the Attorney General, all present

16  identical evidence in support, and all potentially impair the 1713 judgment if allowed to proceed.

17  Accordingly, the Court may exercise its discretion to dismiss, stay, enjoin, or consolidate the

18  duplicative 3613 and 3928 Cases, *see Adams*, 487 F.3d at 688, which it proceeds to consider next.

19  **C.      Resolution of Duplicative Actions**

20  The Court begins by recounting the bases upon which it previously dismissed the 1713

21  Case. On March 31, 2023, the Court dismissed all defendants in the 1713 Case complaint without

22  leave to amend except for the claim against Attorney General Bonta, which the Court dismissed

23  with leave to amend. 1713 ECF No. 61 ("1713 Order"). Specifically, the Court found most of

24  Plaintiff's complaint to be barred by the *Rooker-Feldman* doctrine, which prohibits federal district

25  courts from exercising *de facto* appellate jurisdiction over state court judgments. *Id.* at 5–9. The

26  Court also found that the Judicial Defendants' conduct was shielded by absolute judicial

27  immunity, *id.* at 9–10, and the State Defendants' conduct was mostly protected by Eleventh

28

United States District Court
Northern District of California

Case Nos.: C-22-03613, C-22-03928 EJD                           6
ORDER GRANTING MOTIONS TO DISMISS

1   Amendment immunity, *id.* at 10–11.  However, the Court granted Plaintiff leave to amend his

2   complaint for the limited purpose of pursuing a facial constitutional challenge to the California

3   DVPA statute against Attorney General Bonta per *Ex parte Young*.  *Id.* at 10–12.  Although

4   Plaintiff was given thirty days to amend his complaint, he took no action for over six months, and

5   the Court ultimately entered judgment against Plaintiff.  1713 ECF No. 65.

6         Given that the 1713, 3613, and 3928 Cases allege violations of different constitutional

7   rights, the Court would initially be inclined to consolidate all three actions instead of dismissing

8   the duplicative actions outright.  However, because the Court had dismissed the 1713 Case for

9   reasons unrelated to the specific constitutional right alleged, the Court's evaluations of the present

10  3613 and 3928 Cases in a hypothetical consolidated action would be identical to its analysis in the

11  1713 Order, thereby warranting dismissal in any event.  Furthermore, because the Court had

12  dismissed the 1713 complaint with only leave to amend a constitutional challenge to the DVPA

13  statute and Plaintiff evidently declined to do so, any action other than a full dismissal without

14  leave to amend would impair the finality of the judgment in the 1713 Case.  Accordingly, given

15  the final judgment in the 1713 Case and Plaintiff's near identical prosecution in the instant 3613

16  and 3928 Cases, the Court finds that dismissal of the duplicative later-filed actions would be in the

17  interests of finality and judicial economy.

18  **III.   CONCLUSION**

19        Based on the foregoing, the Court GRANTS Defendants' motions to dismiss in Case No.

20  5:22-cv-3613 and Case No. 5:22-cv-3928.  Because both cases are duplicative of the earlier filed

21  related Case No. 5:22-cv-1713, in which final judgment was entered, Plaintiff's complaints in both

22  the 3613 and 3928 Cases are DISMISSED WITHOUT LEAVE TO AMEND.

23        **IT IS SO ORDERED.**

24  Dated: September 25, 2023

25

26

27                                              EDWARD J. DAVILA
                                                United States District Judge

28

United States District Court
Northern District of California